UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JAMES TANNER
    Plaintiff

v.                                                                                                      No. 5:08CV-00208-J

MICHAEL ASTRUE
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the plaintiff's complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The plaintiff is represented by Donna Thornton-Green. The fact and law summaries of the plaintiff and the defendant are at Docket Entry Nos. 12 and 13, respectively. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

The final decision of the Commissioner was rendered on September 11, 2007, by administrative law judge (ALJ) Kathleen Thomas. In support of her decision denying Title II benefits, Judge Thomas entered the following numbered findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since March 10, 2006, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, a short-gut syndrome, an incisional hernia, and hypertension (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work. He can lift and carry a maximum of 15 pounds. He can sit, stand, and walk about six hours each in an eight-hour workday. He can only occasionally climb ladders, ropes, and scaffolds, kneel, crouch, and crawl. He should avoid concentrated exposure to vibration.

6. The claimant is capable of performing past relevant work as a supervisor/project estimator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 10, 2006, through the date of this decision (20 CFR 404.1520(f)).

(Administrative Record (AR), pp. 15-20).

## Governing Legal Standards

1. The court has jurisdiction to examine the record that was before the Commissioner on the date of the Commissioner's final decision and to enter a judgment affirming, modifying, or reversing that decision. 42 U.S.C. § 405(g), sentence four. In exercising its "sentence four" jurisdiction, the court is limited to determining whether the Commissioner's controlling findings are supported by substantial evidence and whether the Commissioner employed the proper legal standards in reaching her decision. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kirk v. Secretary*, 667 F.2d 524 (6th Cir., 1981). It has been described as a sufficient amount of evidence "to justify, if the trial were to a jury, a refusal to direct a verdict." *Sias v. Secretary*, 861 F.2d 475, 480 n. 1 (6th Cir., 1988). In determining whether the Commissioner's findings are supported by substantial evidence, the court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. *Wyatt v. Secretary*, 974 F.2d 680 (6th Cir., 1992). However:

2

> The substantial-evidence standard allows considerable latitude to administration decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interferences by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Secretary*, 800 F.2d 535, 545 (6th Cir., 1986).

When conducting substantial evidence review, the court is restricted to a consideration of the evidence that was before the Commissioner on the date of the final decision. When the Appeals Council declines to review the ALJ's decision and render a new decision, the ALJ's decision becomes the Commissioner's final decision. *Cotton v. Secretary*, 2 F.3d 692 (6th Cir., 1993).

2. To be entitled to disability insurance benefits (DIB), a claimant must be under the age of 65 years, must meet the insured status requirements of Title II of the Social Security Act, and must be under a disability as defined by the Act.

3. Disability determination is a five-step sequential evaluation process, to-wit:

**STEP #1** The claimant must not be engaged in substantial gainful activity.

**STEP #2** The alleged disabling impairment must be "severe." A "severe" impairment is one that "significantly limits" a claimant's ability to do "basic work activities" that are "necessary to do most jobs" such as walking, standing, sitting, lifting, seeing, hearing, and speaking. 20 C.F.R. §§ 404.1521 and 416.921. Only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience" is "nonsevere." *Farris v. Secretary*, 773 F.2d 85, 89-90 (6th Cir., 1985). Any physical or mental impairment that has more than a de minimis, or significant, effect on the claimant's ability to work is "severe," and the sequential

evaluation should proceed to Step #3. In addition, the "severe" impairment must satisfy the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

**STEP #3** If the claimant has a medical condition that meets or exceeds the criteria for an impairment defined in Appendix 1 of 20 C.F.R. Part 404, Subpart P of the regulations ("the Listing"), a conclusive presumption attaches that the claimant is disabled.

**STEP #4** The claimant must not be able to perform his past relevant work either as he actually performed it or as it generally performed in the national economy.

**STEP #5** If the claimant makes a prima facie showing that he cannot perform his past relevant work, the burden of going forward with evidence shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *Born v. Secretary*, 923 F.2d 1168 (6th Cir., 1990). If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. §§ 404.1567 and 416.967) coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule. Section 200.00(a) of Appendix 2; 20 C.F.R. §§ 404.1569a(b) and 416.969a(b).

If the claimant is found to have, in addition to the exertional impairments resulting in his maximum residual strength capabilities, nonexertional limitations, e.g., mental, sensory, or skin impairments, postural or manipulative limitations, and environmental restrictions; the Commissioner may rely on the particular rule only as a "framework for decisionmaking."

Section 200.00(e)(1) and (2) of Appendix 2; 20 C.F.R. §§ 404.1569a(d) and 416.969a(d); *Kimbrough v. Secretary*, 801 F.2d 794 (6th Cir., 1986). Accordingly, the focus of judicial review in Step #5 cases is typically whether the controlling hypothetical posed to the vocational expert reflected all vocationally significant physical and mental limitations actually suffered by the claimant. *Varley v. Secretary*, 820 F.2d 777 (6th Cir., 1987).

**Judicial review**

The plaintiff suffers from recurrent abdominal hernia, which has required repeated surgical intervention but at this point is considered inoperable due to extensive scar tissue damage and due to the fact that the plaintiff also suffers from short-gut syndrome. Short-gut syndrome is associated, among other things, with complaints of frequent bowel movement, diarrhea, and weight loss. On May 1, 2006, the plaintiff's treating physician, William Richards, opined that, due to the plaintiff's inoperable hernia, he should avoid lifting/carrying of "more than 15 pounds for the rest of his life" (AR, p. 347). The ALJ's written decision reflects acceptance of this 15-pound lifting limitation. See Finding No. 5.

The plaintiff also suffers from lumbar degenerative disc disease, which in conjunction with his "hernia, scar tissue, short gut" condition, has resulted in severe, chronic pain. The plaintiff has received extensive treatment for pain management from neurosurgeon, Daniel Keck, M.D. Dr. Keck's records are at AR, pp. 448-525. Dr. Keck has identified the following objective medical bases for the plaintiff's pain complaints (AR, pp. 485-486):

1. Inoperable hernia, scar tissue, and short-gut syndrome.

2. Lumbar degenerative disc disease, status post right-sided hemilaminectomy and discectomy in February of 2004, with persistent low back and bilateral lower extremity pain.

      3.  Sacro-iliac joint arthropathy bilaterally, worse by examination on the left than on the right.

      4.  Lumbar facet arthropathy, worse on the right than on the left in and about his surgical site.

      5.  Development in February of 2005, of L5 vertebral body spondylitic changes characterized by increased signal intensity of the inferior body of L5 and consistent with inflammatory changes in the inferior L5 vertebral body.

Dr. Keck has put the plaintiff is on a regimen of Soma, Oxycontin, and OxyIR (AR, p. 448). In addition, Dr. Keck is of the opinion that, if he could obtain the funds, the plaintiff would be an excellent candidate for a morphine pump in light of absorption problems associated with his short-gut syndrome (AR, p. 449). However, the plaintiff's life's savings have been exhausted paying medical bills (AR, p. 449).

      The plaintiff is a plumber / pipefitter by trade. After he was no longer able to perform the "heavy" aspects of the job, he worked for some time as a supervisor / project estimator "supervis[ing] the workers to make sure they got the job and did the right work" (AR, pp. 60-61). At the administrative hearing, the vocational expert (VE) described the supervisor / estimator position as "light" and "skilled" (AR, p. 60). "Light" work requires, among other things, an ability to stand/walk for six hours in an eight-hour workday. See Social Security Ruling (SSR) 83-10.

      This case was denied at the fourth step of the sequential evaluation process based upon a finding that the plaintiff retains the ability to perform his past relevant work as a supervisor / project estimator. Finding No. 6. The finding was predicated upon the vocational testimony. On October 4, 2006, the non-examining state agency program physician, Diosdado Irlandez, completed the standard physical assessment form (AR, pp. 407-414). The VE testified that an individual with

the limitations found by Dr. Irlandez modified to accommodate Dr. Richards' 15-pound lifting restriction would retain the ability to perform the plaintiff's past relevant work as a supervisor / project estimator (AR, p. 61).

The plaintiff's primary contention upon judicial review is that the ALJ's finding that he can stand/walk six hours in an eight-hour workday, as found by Dr. Irlandez and as reflected in ALJ's Finding No. 5, is not supported by the substantial weight of the evidence. In support of his position, the plaintiff relies upon the opinions of his treating physicians, Drs. Richards and Keck, and particularly that of James Eickholz. On June 27, 2006, Dr. Eickholz completed the standard medical source statement form, finding among other things that, due to his low-back condition, short-gut syndrome, and hypertension, in an eight-hour workday, the plaintiff can sit for no more than two hours, stand no more than one hour, walk no more than one hour, and alternately sit/stand no more than two hours (AR, p. 398). The magistrate judge concludes that, interpreted most favorably to the Commissioner, Dr. Eickholz was of the opinion that the plaintiff is unable to stand/walk for six hours during an eight-hour workday. If Dr. Eickholz' opinion is entitled to controlling weight, the ALJ's Finding No. 6 that the plaintiff retains the ability to perform his past relevant work as a "light" supervisor / project estimator is not supported by substantial evidence.

The so-called "treating physician" rule states that a treating source's medical opinion is entitled to controlling weight if it satisfies a two-pronged test, to-wit, the medical opinion is "[1] well-supported by medically acceptable clinical and laboratory diagnostic techniques and [2] is not inconsistent with the other substantial evidence in your case record." 20 C.F.R. § 404.1527(d)(2). In light of the plaintiff's medical profile as recounted by the treating sources and summarized above and his diagnosed inoperable hernia, scar tissue, short-gut syndrome,

degenerative disc disease resulting in bilateral lower extremity pain, and hypertension, the magistrate judge concludes that Dr. Eickholz' opinion that the plaintiff is unable to stand/walk for six hours in an eight-hour workday is supported by adequate objective medical data, satisfying the first prong of the "treating physician" rule.

Next, the court must consider the second prong of the test, to-wit, whether Dr. Eickholz's opinion is "inconsistent with ... other substantial evidence." As indicated above, the ALJ's finding that the plaintiff retains the ability to stand/walk for six hours a day was based upon the opinion of the nonexamining state agency program physician, Dr. Irlandez (AR, p. 408). The magistrate judge conclude that Dr. Irlandez' opinion was "inconsistent" with that of Dr. Eickholz.

The remaining issue is whether, in light of the contrary opinion of the treating source, Dr. Eickholz, Dr. Irlandez' opinion can be deemed "substantial." The underlying rationale for the "treating physician" rule is that the Commissioner and reviewing courts should give deference to the opinion of a treating source due to greater familiarity with the claimant's impairments and the presence of an affirmative duty to cure or treat the claimant's condition. In light of this rationale, the Sixth Circuit has held that "the opinion of a nonexamining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physician." *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir., 1987). In light of *Shelman* and the contrary opinion of Dr. Eickholz, the magistrate judge concludes that Dr. Irlandez' opinion that the plaintiff can stand/walk six hours a day is insubstantial. This conclusion is buttressed by the fact that it appears that Dr. Irlandez was unaware of, and hence did not take into account, Dr. Eickholz' opinion. In completing the physical assessment form, Dr. Irlandez stated that the only treating or examining source opinion that was significantly different from his was that of Dr. Richards, who stated that "claimant is disabled from

8

his present job as a plumber, that issue is reserved to the Commissioner" (AR, p. 413). The magistrate judge concludes that Dr. Eickholz' opinion that the plaintiff cannot stand/walk for six hours during an eight-hour workday was entitled to controlling weight. It follows that there is a lack of substantial evidence in support of the ALJ's finding that the plaintiff retains the ability to perform his past relevant work as a "light" supervisor / project estimator. Finding No. 6.

## Remedy

If a court determines that substantial evidence does not support the Commissioner's final decision, the court can reverse the decision and immediately award benefits if "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir., 1994).

As indicated above, this case was denied at the fourth step of the sequential evaluation based upon a finding that the plaintiff retains the ability to perform his past relevant work. Because we have concluded that the ALJ's determination in that regard is not supported by substantial evidence, the court may proceed to a consideration of the fifth and final step of the evaluation process.

In a prior final decision of the Commissioner, the plaintiff's medical-vocational profile was described by Grid Rule 201.21 of Appendix 2 of the regulations (AR, p. 70). Grid Rule 201.21 describes a the following individual:

    1. Maximum residual functional capacity (RFC):    Sedentary work.

    2. Age:    Younger individual.

    3. Education:    High school graduate or more.

    4. Previous work experience:    Skilled or semiskilled – skills not transferable.

The magistrate judge concludes that the record adequately supports a conclusion that the plaintiff's present medical-vocational profile may be fairly described as follows:

1. Maximum RFC:             Light work. <u>See</u> ALJ's Finding No. 5.

2. Age:                     Advanced.

The plaintiff was born on September 6, 1952. Therefore, he was 55 years old on September 11, 2007, the date of the ALJ's decision. An individual age 55 and older is defined as of "advanced" age. <u>See</u> 20 C.F.R. § 404.1564(e).

3. Education:               High school graduate or more – does not provide for direct entry into skilled work.

4. Previous work experience: Skilled or semiskilled – skills not transferable.

The foregoing profile is defined by Grid Rule 202.06, and it directs an ultimate finding of "disabled." The corresponding rule contemplating a maximum RFC for "sedentary" work (Rule 201.06), of course, also directs an ultimate finding of "disabled."

If the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity (used to determine the claimant's maximum sustained work capability for sedentary, light, medium, heavy or very heavy work as defined by 20 C.F.R. § 404.1567) coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner <u>must</u> decide that the claimant is disabled in accordance with that rule, regardless of whether additional, nonexertional impairments are present. <u>See</u> Section 200.00(a) of Appendix 2 and 20 C.F.R. § 404.1569a(b). The magistrate judge concludes that the record adequately establishes the plaintiff's entitlement to benefits based upon a direct application of Grid Rules 202.06 and 201.06.

**RECOMMENDATION**

The magistrate judge RECOMMENDS that this matter be REMANDED to the Commissioner for calculation and payment of past-due Title II benefits based upon his application for benefits filed on April 11, 2006, and his alleged onset of disability date of March 10, 2006.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a de novo review of objections that are general, conclusory, or merely adopt previous pleadings.  The original objections shall be sent to the Clerk of Court either electronically or by mail.  A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).