UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:08CV208-J

JAMES TANNER                                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff James Tanner seeks Disability Insurance Benefits which were denied by the Commissioner. This matter was referred to United States Magistrate Judge W. David King who recommends that the matter be remanded to the Commissioner for calculation and payment of past-due Title II benefits based upon his application for benefits filed on April 11, 2006, and his alleged onset of disability date of March 10, 2006. The Commissioner has timely filed objections to the Magistrate Judge's Report arguing that the ALJ adequately weighed the medical evidence of record and the ALJ's decision to decline to give controlling weight to the disabling opinions of Dr. James Eickholz was supported by substantial evidence.

Claimant James Tanner is a plumber by trade who was previously awarded a closed period of disability benefits (December 18, 2000 to August 26, 2002) following multiple abdominal surgeries to correct adhesions and blockages in his intestines. These surgeries resulted in removal of a significant portion of both his large and small intestines, a condition called "short-gut" syndrome, and an irreparable incisional hernia. The "short gut" abdominal condition from which he suffers results in painful abdominal cramping, frequent diarrhea, and difficulty absorbing medications. In addition to abdominal complaints, he also suffered from high blood pressure and

degenerative disc disease of the lumbar spine which ultimately required surgery. The record also reveals episodic treatment for depression and anxiety.

Following his prior closed period award of disability and with significant employer accommodation, claimant was able to return to work as an estimator/supervisor for plumbing and pipefitting jobs. In February of 2004, he underwent lumbar surgery at the L-5 level, but was still able to return to work. In latter 2005, he made a brief return to regular plumbing/pipefitting work, but suffered a work injury in October 2005 resulting in a recurrent and inoperable hernia. During this time, he was under chronic pain management/care, but nonetheless continued to work in some capacity until he was hospitalized in March of 2006 for high blood pressure.

The medical records in this case are extensive, and there is no dispute that the claimant has suffered and been treated for legitimate long-term, chronic pain as a result of his abdominal and back conditions. His medications have been adjusted numerous times due to "short gut" absorption problems, he takes a combination of Soma, Oxycontin, and OxyIR, and has been recommended as a candidate for a morphine pump.

This case was a fourth-step denial based upon the finding that the claimant can return to his previous work as a plumbing estimator/supervisor. The magistrate judge determined that Dr. Eickholz' opinion that the plaintiff is unable to stand/walk for six hours during an eight hour day was entitled to controlling weight under the two-prong treating physician rule. He also notes that the contrary opinion relied upon by the ALJ – that of the non-examining state agency physician Dr. Irlandez – was rendered without the benefit of review of Dr. Eickholz' opinion. The Commissioner vehemently objects to the magistrate judge's review of the medical evidence, noting no discussion of the reason claimant stopped working, no discussion of the claimant's collection of unemployment

benefits, and numerous medical records which are not discussed in the report and recommendation. The Commissioner further asserts that the magistrate judge cannot simply pick one piece of evidence that is inconsistent with Dr. Eickholz's disabling opinion, then determine whether or not that one piece of evidence is substantial. Respectfully, the Commissioner follows this practice routinely in denying claims.

Under the treating physician rule, The courts have long held that the treating physician – especially one who has seen the patient over a period of time – is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2),which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner

of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

  The ALJ discounted the disabling opinion of Dr. Eickholz and instead relied exclusively upon the opinion of non-examining state agency Irlandez to deny this claim. Dr. Irlandez' opinion was limited in that it was given without any apparent acknowledgment of Dr. Eickholz' opinions regarding the claimant's ability to stand/walk in an eight hour workday. In rejecting Dr. Eickholz' opinion, the ALJ states only that, "The opinion of Dr. Eickholz has been carefully considered, but the undersigned finds that his opinion is not supported by the objective medical evidence of record, and is more consistent with the subjective complaints of the claimant. Thus, his opinion has not been given significant or controlling weight." As the Sixth Circuit has very recently noted, "we require some indication that the ALJ at least considered these facts [a treating physician's assessment and restrictions] before giving greater weight to an opinion that is not 'based on a review of a complete case record.'" Blakley v. Commissioner, — F.3d —, 2009 WL 3029653, C.A.6 (Ky.), September 24, 2009 (No. 08-6270); citing Fisk v. Astrue, 253 F.App'x 580, 585 (6th Cir. 207) (quoting Soc. Sec. Rul. 96-6p, 1996 WL 374180, at 3).

  Here, the numerous medical records, x-rays, CT scans, and MRIs present objective findings that are consistent with and support the treating physician Dr. Eickholz's opinions. The Court has reviewed the record in its entirety in light of the report and recommendation and the Commissioner's objections. The Court finds that the two prongs of the treating physician rule have been met with

regard to Dr. Eicholz's opinions, and that it was error for the ALJ to rely instead upon the opinion of a non-examining state agency physician who did not have the benefit of Dr. Eicholz's opinions when formulating his own.  Further, the Court concurs with the magistrate judge's application of the Grid Rules to this case, and finds that the claimant's age, education, work experience, and residual functional capacity dictate a finding of disability.  In sum, this Court has conducted a de novo review of the Magistrate Judge's report in light of the objections thereto and the record as a whole.

The Magistrate Judge's Report is hereby adopted, and its findings and conclusions are incorporated by reference herein.  Accordingly, IT IS ORDERED that this case is REMANDED to the Commissioner of Social Security for calculation and payment of past-due Title II benefits based upon his application for benefits filed on April 11, 2006, and his alleged onset of disability date of March 10, 2006.  The clerk of Court shall enter a separate judgment as required by Fed.R.Civ.P. 58.

This is a final and appealable Memorandum Opinion and Order, and there is no just cause for delay.